## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROLF BLAIR, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-cv-1871 |
| | ) | |
| v. | ) | |
| | ) | |
| ABBVIE INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

Before the Court is Defendants AbbVie Inc., Allergan, Inc., AqueSys, Inc., and Allergan USA, Inc.'s motion to dismiss Plaintiff Rolf Blair's complaint. ECF 4.[1] The motion is fully briefed and ready for disposition. After careful consideration, the Court will grant the motion and dismiss Mr. Blair's complaint, with leave to amend certain claims, as set forth below.

***Counts I & II – strict liability & breach of warranty.*** Defendants argue that both design-defect and manufacturing-defect-strict-liability claims, and the coextensive breach-of-warranty claims, are foreclosed by comment k to Section 402A of the Restatement (Second) of Torts. While some courts in this District agree, others don't. The Court finds its sister court's reasoning in *Smith v. Howmedica Osteonics Corp.*, 251 F. Supp. 3d 844, 847-51 (E.D. Pa. 2017) persuasive and, for the reasons set forth in that well-reasoned opinion, holds that while Mr. Blair's strict-liability-***design-defect*** claim is barred by comment k, his strict-liability-***manufacturing-defect*** claim is not. Therefore, the Court will dismiss the strict-liability-design-defect claim within Count I. For the same reason, any design-defect-breach-of-warranty

---

[1] Defendant Allergan USA, Inc. joined in the motion on December 13, 2023. ECF 13. Defendants Allergan PLC, and Allergan Eye Care, did not, and Defendants represent that Allergan PLC isn't a proper defendant and wasn't served, and that AbbVie Inc. doesn't "own or otherwise operate an entity called 'Allergan Eye Care[.]'" ECF 5, p. 2 n.1.

claim within Count II will be dismissed. *See James v. United States*, No. 19-04627, 2020 WL 1624883, at *4 (E.D. Pa. Apr. 2, 2020) ("The elements of a breach-of-implied-warranty claim are identical to those of a strict-liability claim."). Because the defects are legal and can't be cured by amendment, this dismissal will be with prejudice.

Though Mr. Blair's strict-liability and breach-of-warranty-manufacturing-defect claims aren't barred by comment k, Mr. Blair hasn't sufficiently pled them. Mr. Blair alleges that the product was manufactured and sold by Defendants, that it was defective when it was sold, that it reached him without substantial changes in its condition, and that he was injured after it was implanted. ECF 1-2, ¶¶ 9-25. But contrary to Mr. Blair's argument, he doesn't identify "[t]he specific problem with the implant, and thus the manner in which the implant failed[.]" ECF 11, p. 5. Instead, he summarily alleges that because the implant wasn't damaged by any "intervening injury[,]" the "implant was defective when the product left Defendants' hands." ECF 1-2, ¶ 22.

True, a manufacturing-defect claim may proceed on a "malfunction theory[,]" which permits using circumstantial evidence in lieu of direct evidence of a product defect. *See Smith*, 251 F. Supp. 3d at 851-52 (citing *Rogers v. Johnson & Johnson Prods., Inc.*, 565 A.2d 751, 754 (Pa. 1989)). But Mr. Blair's allegations are too broad and conclusory to support even that theory of liability. *See Muniz v. Stober*, No. 18-4619, 2019 WL 3573515, at *3 (E.D. Pa. Aug. 6, 2019) (distinguishing *Smith* because "unlike *Smith*, where the plaintiff alleged the defective device broke down after normal use, [the plaintiff] merely allege[d] he sustained serious injuries while using a cross cutting machine" (cleaned up)); *see also Houtz v. Encore Med. Corp.*, No. 14-0536, 2014 WL 6982767, at *7 (M.D. Pa. Dec. 10, 2014) (pleading sufficient where it identified defect as the spontaneous failure of the tibial post and polyethylene of her artificial knee); *Kerr v. Amazon.com, Inc.*, No. 24-68, 2024 WL 3891244, at *7 (W.D. Pa. Aug. 21, 2024) (Gibson, J.) (allegations that defendants were responsible for

container or trailer, and that the container slid off the trailer, resulting in accident, insufficient to state plausible claim because they "could *possibly* lead the Court to conclude [there was a defect], or that some other product . . . malfunctioned, or that the Container was not correctly attached to the trailer, or some combination of the foregoing"). The Court will thus dismiss Mr. Blair's strict-liability and breach-of-warranty-manufacturing-defect claims within Counts I and II. The dismissal is without prejudice to Mr. Blair amending his complaint as to these claims.

     ***Count III – negligence.*** The Court also agrees with Defendants that Mr. Blair's negligence claims (for design defect, manufacturing defect, and failure to warn, ECF 1-2, ¶ 36), are insufficiently pled. Mr. Blair fails to identify the design defect, anything about the manufacturing process, or what information Defendants should have given to Mr. Blair's medical providers or otherwise warned them about. *See Mikula v. C.R. Bard, Inc.*, No. 21-01307, 2021 WL 5989130, at *3 (W.D. Pa. Dec. 17, 2021) (Horan, J.) (dismissing negligent-design claim for plaintiff's "fail[ure] to address either the design of [defendant's] product or the availability or safer, feasible alternatives in any level of meaningful detail[,]" and negligent-manufacturing claim for plaintiff's failure to allege "the nature of any deficiencies in the manufacturing process"); *see also Foge, McKeever LLC v. Zoetis Inc.*, 565 F. Supp. 3d 647, 653-54 (W.D. Pa. 2021) (Colville, J.) (dismissing negligent-failure-to-warn claim where plaintiffs failed to "specify what information was missing from Defendant's warnings or how and why the warnings were inadequate[;]" their negligent-design claim where their allegations "lack[ed] adequate specificity as to why the design was flawed, or whether the duty of care in design was violated by releasing the drug into the marketplace knowing it was harmful[, or] what alternative formulation would be feasible and adopted by [defendant;]" and their negligent-manufacturing claim where plaintiffs failed to "allege[] facts concerning Defendant's manufacturing process"). The Court will thus dismiss Mr. Blair's

negligence claims, without prejudice to Mr. Blair amending his complaint as to these claims.

\*      \*      \*

Accordingly, after careful consideration, Defendants' motion to dismiss (ECF 4) is **GRANTED**. Mr. Blair's strict-liability-design-defect (within Count I) and breach-of-warranty-design-defect (within Count II) claims are dismissed with prejudice. All remaining claims in Counts I, II, and III are dismissed without prejudice. Mr. Blair may file an amended complaint by **February 10, 2025**. If he does not do so, the Court will convert all dismissals to being with prejudice.

Dated: January 9, 2025                    BY THE COURT:

                                          /s/ J. Nicholas Ranjan
                                          United States District Judge